**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4349**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

COLBY L. SIMMONS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Timothy M. Cain, District Judge. (6:16-cr-00771-TMC-1)

Submitted: April 4, 2019                          Decided: April 8, 2019

Before NIEMEYER and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael B. Hanzel, THE HANZEL LAW FIRM, Mt. Pleasant, South Carolina, for Appellant. Sherri A. Lydon, United States Attorney, William J. Watkins, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Colby L. Simmons appeals his convictions, following a jury trial, for conspiracy to defraud the United States by passing Treasury checks bearing false or forged endorsements or signatures, *see* 18 U.S.C. §§ 371, 510(a)(2) (2012), and for making materially false statements to the Department of Homeland Security (DHS) in its investigation of the check-passing scheme, *see* 18 U.S.C. § 1001(a)(2) (2012).

This case began with a traffic stop: A sheriff's deputy, Al Cannon, stopped Simmons on Interstate 85 in South Carolina for following too closely and then discovered that Simmons' Georgia driver's license was suspended. Cannon, who testified at a motion hearing that his practice is to arrest out-of-state drivers with suspended licenses, planned to arrest Simmons, but called for another deputy to assist him with the arrest. All the while, and before the second officer arrived, Cannon asked Simmons questions about where he was driving from, where he was driving to, and his occupation. Cannon noted that many of Simmons' answers were dubious or inconsistent; he also saw signs that Simmons was nervous, and observed what he thought was a large bundle of cash bulging in Simmons' pants pocket.

When the second deputy arrived, roughly 15 minutes into the stop, Simmons offered his keys, volunteering that the officers could search his car. Cannon, a K-9 officer, first used his dog to sniff Simmons' car; the dog alerted, and then Cannon searched the car. In addition to finding marijuana residue, Cannon discovered a Treasury tax refund check payable to a third party, balled up within a napkin; he promptly notified agents from DHS about the check. Cannon also searched Simmons and discovered

2

$10,000 in cash in his pants pocket. Nearly 24 minutes into the stop, Cannon arrested Simmons for driving with a suspended license.

On appeal, Simmons argues he was in custody before Cannon formally arrested him because he was not free to leave, and that because Cannon questioned him during that time without a *Miranda* warning, *see Miranda v. Arizona*, 384 U.S. 436 (1966), his answers—which he contends the government relied on heavily at trial—should have been suppressed.

We disagree.* A traffic stop is akin to a temporary stop based on reasonable suspicion, *see Terry v. Ohio*, 392 U.S. 1 (1968), rather than a formal arrest. *Berkemer v. McCarty*, 468 U.S. 420, 439-40 (1984). Therefore, although Simmons was not free to leave when he was stopped for following too closely, he was not in custody for purposes of *Miranda*. *Id*. at 435-39. Moreover, an officer may ask questions unrelated to the underlying traffic violation if doing so does not prolong a traffic stop beyond the time necessary to address the violation, *see Rodriguez v. United States*, 135 S. Ct. 1609, 1614-15 (2015); *Arizona v. Johnson*, 555 U.S. 323, 333 (2009), and a traffic stop may be extended if the officer identifies a reasonable suspicion of criminal activity or gets consent from the person detained, *see United States v. Hill*, 852 F.3d 377, 381 (4th Cir. 2017). Applying those principles here, we conclude that the traffic stop never transformed into custodial interrogation: Cannon's discovery that Simmons was driving

---

* "We review the factual findings underlying a motion to suppress for clear error and the district court's legal determinations de novo." *United States v. Bell*, 901 F.3d 455, 474 (4th Cir. 2018) (internal quotation marks omitted).

with a suspended license extended the stop; Cannon's questions, asked before the second deputy arrived to assist in the arrest, did not impermissibly extend the stop; and both reasonable suspicion (based on Cannon's observations of Simmons and the dog alert) and consent (Simmons' invitation for the officers to search the car) justified extending the stop further.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*